# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | |
|---|---|
| SUMITOMO CORPORATION OF AMERICAS, | § § § § § § § § § § § § § |
| Plaintiff, | Civil Action No.: |
| v. | |
| NS UNITED KAIUN KAISHA, LTD.; and COOPER/PORTS AMERICA, LLC, | **COMPLAINT** |
| Defendants. | |

The Plaintiff, SUMITOMO CORPORATION OF AMERICAS, by and through its attorneys, Hill Rivkins LLP, as and for its Complaint against the above-named defendants, alleges upon information and belief as follows:

## PARTIES AND JURISDICTION

1. This action is comprised of admiralty and maritime claims within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure, and this Honorable Court has jurisdiction pursuant to 28 U.S.C. §1333. This action arises under 46 U.S.C. §30701, Note, and this Court further has jurisdiction pursuant to 28 U.S.C. §1331. The state law claims are so related to the claims in the action within such original jurisdiction that form part of the same case or controversy, and the Court has jurisdiction pursuant to 28 U.S.C. §1367.

2. At and during all times hereinafter mentioned, plaintiff, Sumitomo Corporation of Americas, ("Plaintiff") was and still is a corporation organized and existing under the laws of the State of New York with an office and principal place of business at 300 Madison Avenue, New York, New York.

1

3. Sumitomo was the owner, consignee, seller, and/or otherwise has an interest in the Cargo (defined below) and brings this action on its own behalf and on behalf of all parties with an interest in the Cargo, as those interests may ultimately appear.

4. At and during all times hereinafter mentioned, defendant NS United Kaiun Kaisha, Ltd. ("NSUKK") was and still is a foreign company existing under the laws of the Japan with an office and principal place of business at Otemachi First Square West Tower 21F, 22F, 5-1 Otemachi 1-chome, Chiyoda-ku Tokyo 100-8108, Japan.

5. Defendant NSUKK did and still does operate as a vessel operating common carrier of goods for hire and issues bills lading for the common carriage of goods aboard certain ocean-going vessels. Defendant NSUKK is the owner, operator and/or bareboat chartererof the M/V ATLANTIC STAR, which is and/or will be in this jurisdiction during the pendency of this action.

6. At and during all times hereinafter mentioned, defendant Cooper/Ports America, LLC ("C/PA") was and still is a company existing under the laws of the State of Texas with an office and principal place of business at 2315 McCarty Dr., Houston, TX 77029 in the county of Harris.

7. Defendant C/PA did and still does provide stevedoring and terminal services including at the Port of Houston, Turning Basin and City Docks.

8. The United States District Court for the Southern District of Texas is the proper venue for this action pursuant to 28 U.S.C. §1391(b)(2), as a substantial part of the events or omissions giving rise to the claim occurred in this district.

**FACTUAL DETAILS GIVING RISE TO CLAIMS FOR RELIEF**

9. On or about July 27, 2020, a shipment of 2,639 pieces of Seamless Carbon Steel Line Pipe ("Cargo") was delivered to defendant NSUKK in good order and condition and suitable

in every respect for the intended transportation, which NSUKK received, accepted, and agreed to transport via ocean carriage from Wakayama, Japan to Houston, Texas U.S.A., aboard M/V ATLANTIC STAR ("Shipment") for certain consideration pursuant to bill of lading no. MSUK-WAHO-0340-0004.

10. During loading, transportation, and/or unloading, and before the Cargo was delivered at the Port of Houston in Harris County, Texas, the Cargo was physically damaged as evidenced by, *inter alia*, oil or greased marks, residue, and impact damage including dents, chips, gouges, and scratches to the bevel ends of pipes.

11. Defendant C/PA was retained to provide stevedoring and other terminal services for the Cargo, including to receive, transport, store, load, unload, and otherwise handle the Cargo at the Port of Houston.

12. Between August 29 and September 2, 2020 C/PA received and accepted the Cargo from defendant NSUKK upon discharge from the Vessel, and the Cargo remained in the care, custody, and control of C/PA at the Port of Houston until C/PA loaded the Cargo onto trucks between September 28 and October 8, 2020.

13. Upon delivery, the Cargo was physically damaged as evidenced by, *inter alia*, oil or greased marks, residue, and impact damage including dents, chips, gouges, and scratches to the bevel ends, faces, and shoulders of pipes.

14. As a result of the physical damage to the Cargo, the pipes require cleaning, repair, and/or other restoration, which has not been completed, and costs of which are presently unknown but may be best estimated as $23,000.

**FIRST CLAIM FOR RELIEF**

15.     Plaintiff repeats, reiterates and realleges each and every allegation in paragraphs 1 through 13 of the Complaint with the same force and effect as if herein set forth at length.

16.     On or about July 27, 2020, the Cargo was delivered to defendant NSUKK for in good order and suitable in every respect of the intended transportation, which NSUKK received, accepted, and agreed to load, transport, and discharge as sustained damages which are presently unknown but which is best estimated

17.     By reason of the premises, defendant NSUKK failed to deliver the Cargo in the same good order and condition to its destination as it was received, was negligent and careless in its handling of the Cargo, breached its statutory, common-law, and contractual duties and obligations as a common carrier for hire and bailee of the Cargo and was otherwise at fault.

18.     Plaintiff was the consignee and/or owner of the Cargo and/or otherwise had a pecuniary interest in the Cargo.

19.     Plaintiff has duly performed all of the duties, obligations, and conditions precedent to be performed on its part.

20.     By reason of the Premises, Plaintiff has sustained damages which are presently unknown but may be best estimated as $23,000, no part of which has been paid though duly demanded.

**SECOND CLAIM FOR RELIEF**

21.     Plaintiff repeats, reiterates and realleges each and every allegation in paragraphs 1 through 21 of the Complaint with the same force and effect as if herein set forth at length.

22.     On or before August 29, 2020, Plaintiff and C/PA entered into an agreement ("C/PA Agreement"), pursuant to which C/PA was responsible for and agreed to perform certain

4

stevedoring and other terminal services for the Cargo, including to receive, transport, store, load, unload, and otherwise handle the Cargo at the Port of Houston, Turning Basin & City Docks.

23. Pursuant to the C/PA Agreement, whether express or implied, C/PA was responsible for, among other duties, employing the proper equipment, materials, personnel, supplies, and methods necessary to perform the services without damage to the Cargo, properly and carefully loading handling, stowing, carrying, keeping, caring for, and discharging the Cargo, and otherwise meeting its responsibilities and standard of care pursuant to 46 U.S.C. §30701, Note, as amended.

24. Notwithstanding C/PA's responsibilities under the C/PA Agreement, C/PA materially breached the C/PA Agreement by, inter alia, failing to safely and securely handle the Cargo, including during loading, unloading, transport, and/or storage at the Port of Houston, failing to deliver the Cargo in the same order and condition as when it was received, failing to employ equipment, materials, personnel, and/or methods to safely and securely perform its services without damage to the Cargo, and/or otherwise failing to act with the requisite degree of care, in that, between the time the Cargo was delivered to C/PA and the time C/PA delivered the Cargo, while at the Port of Houston, the Cargo was physically damaged.

25. Plaintiff duly performed all of the duties, obligations, and conditions precedent to be performed on its part.

26. The damage sustained to the Cargo is the direct and proximate result of C/PA's breach of the C/PA Agreement.

27. As a result of C/PA's breach of the C/PA Agreement, Plaintiff has sustained damages, which are presently unknown but may be best estimated as $23,000, no part of which has been paid though duly demanded.

## THIRD CLAIM FOR RELIEF

28. Plaintiff repeats, reiterates and realleges each and every allegation in paragraphs 1 through 28 of the Complaint with the same force and effect as if herein set forth at length.

29. C/PA owed a duty to Plaintiff and was obligated to perform its stevedoring and terminal services with respect to the Cargo in a reasonable, prudent manner, with the requisite degree of care.

30. C/PA was careless and negligent with respect to the Cargo in that it, inter alia, negligently and carelessly employ equipment, failed to employ sufficient or adequate protective materials, failed to appoint qualified personnel with the requisite knowledge, training and/or experience to perform the services, failed to employ a reliable method for the loading, unloading, handling, and transportation of the Cargo, failed to avoid damage to the Cargo, failed to act in a manner consistent with a reasonable actor in substantially similar circumstances.

31. At the time and place aforesaid, C/PA's acts and/or omissions caused and created the condition that gave rise to the damage to the Cargo.

32. The damage to the Cargo was due solely and wholly to the carelessness and negligence of C/PA without any fault or lack of care on the part of Plaintiff.

33. As a result of the negligence and carelessness of C/PA, Plaintiff has suffered damages, which are presently unknown but may be best estimated as $23,000, no part of which has been paid though duly demanded.

34. Plaintiffs ae also entitled to recover reasonable and necessary attorney's fees against Defendants pursuant to section 38.001 of the Texas Civil Practice & Remedies Code.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays: (i) that process in due form of law may issue according to the practice of this Honorable Court against the Defendants, citing them to appear and answer the foregoing; (ii) that judgment may be entered against Defendants on one or more of Plaintiff's Claims for Relief, in the amount of Plaintiff's damages, according to proof at trial but not less than $23,000.00, together with interests, costs and reasonable attorneys' fees; and (iii) for such other and further relief as the Court may deem just and proper under the circumstances.

Dated: September 2, 2021

                                                Respectfully submitted,

                                                /s/ *John J. Sullivan*
                                                John J. Sullivan
                                                SD Tex. Bar No.: 1531846
                                                HILL RIVKINS LLP
                                                1000 N. Post Oak, Ste. 220
                                                Houston, Texas 77055 Tel.: 713.222.1515

                                                Fax: 713-457-2287
                                                Email: jsullivan@hillrivkins.com

                                                *Attorney-in-Charge for Plaintiffs*

                                                HILL RIVKINS LLP
                                                Of counsel