# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | | |
|---|---|---|
| SUMITOMO CORPORATION OF AMERICAS, | § § § | |
| Plaintiff, | § § | |
| VS. | § § § | C.A. NO. 4:21-cv-02875 |
| NS UNITED KAIUN KAISHA, LTD.; and COOPER/PORTS AMERICA, LLC | § § § § | |
| Defendants. | § | |

## COOPER/PORTS AMERICA, LLC'S ORIGINAL ANSWER

TO THE HONORABLE ALFRED H. BENNETT:

Defendant, Cooper/Ports America, LLC ("C/PA") responds to the Complaint of Plaintiff, Sumitomo Corporation of Americas, as follows:

### FIRST DEFENSE

Plaintiff's Complaint fails to state a cause of action against C/PA upon which relief can be granted and should be dismissed with prejudice.

### SECOND DEFENSE

For its second defense, C/PA would show that pursuant to the terms of the bills of lading covering the shipments in issue and the Himalaya Clauses contained therein, C/PA is granted the rights and immunities contained in said bills of lading as well as those available to the ocean carrier under the terms of the United States Carriage of Goods by Sea Act., 46 U.S.C. §1300, *et seq*. Accordingly, C/PA pleads as a defense, the terms and conditions of the United States Carriage of Goods by Sea Act (COGSA) and all

defenses available to it under said Act and under the terms of the covering bills of lading.

### THIRD DEFENSE

For its third defense, C/PA pleads 46 U.S.C. §1303(6), and would show that notice of the alleged damage was not given to C/PA within three (3) days of the arrival of the vessel and discharge of the cargo made the basis of this suit.

### FOURTH DEFENSE

For its fourth defense, C/PA would show that if the cargo made the basis of this cause was damaged as alleged which is denied, such damage occurred prior to arrival of the cargo at the Port of Houston and/or after delivery of the cargo into the custody and control of the Plaintiff.

### FIFTH DEFENSE

For its fifth defense, C/PA would show that if the cargo made the basis of this cause was damaged as alleged which is denied, said damage resulted from an unavoidable accident, inherent vice, or latent defect of the cargo and was not caused by the negligence of C/PA.

### SIXTH DEFENSE

For its sixth defense, C/PA would show if the cargo made the basis of this cause was damaged as alleged which is denied, said damage was caused by the negligence or fault of some third-party or third-parties for whom C/PA is not responsible.

### SEVENTH DEFENSE

For its seventh defense, C/PA would show that Plaintiff's cause of action against it is barred by the applicable Statute of Limitations.

## EIGHTH DEFENSE

For its eighth defense, C/PA would show that Plaintiff has waived its right to sue for non-conformance through its election to accept performance as tendered.

## NINTH DEFENSE

For its ninth defense, C/PA would show that pursuant to COGSA and the terms of the bills of lading covering the shipments in issue and the Himalaya Clauses contained therein, Plaintiff's damages, if any, are limited to $500.00 per package or to $500.00 per customary freight unit.

## TENTH DEFENSE

For its tenth defense, C/PA responds to the separately numbered paragraphs of Plaintiff's Complaint as follows:

1. C/PA admits the jurisdictional allegation contained in Paragraph 1 of Plaintiff's Complaint, the remainder of the allegations are denied.

2. C/PA lacks sufficient knowledge or information to form a belief as to the truth of the allegations appearing in Paragraph 2 of Plaintiff's Complaint.

3. C/PA lacks sufficient knowledge or information to form a belief as to the truth of the allegations appearing in Paragraph 3 of Plaintiff's Complaint.

4. C/PA lacks sufficient knowledge or information to form a belief as to the truth of the allegations appearing in Paragraph 4 of Plaintiff's Complaint.

5. C/PA lacks sufficient knowledge or information to form a belief as to the truth of the allegations appearing in Paragraph 5 of Plaintiff's Complaint.

6. C/PA admits the allegations appearing in Paragraph 6 of Plaintiff's Complaint.

7. C/PA admits the allegations appearing in Paragraph 7 of Plaintiff's Complaint.

8. C/PA admits the allegations appearing in Paragraph 8 of Plaintiff's Complaint.

9. C/PA denies the said cargo was delivered in good order and condition as alleged in Paragraph 9 of Plaintiff's Complaint, the truth of the reminder of the allegations is unknown to C/PA.

10. C/PA denies the allegations appearing in Paragraph 10 of Plaintiff's Complaint.

11. C/PA denies the allegations appearing in Paragraph 11 of Plaintiff's Complaint.

12. C/PA denies the allegations appearing in Paragraph 12 of Plaintiff's Complaint.

13. C/PA denies the allegations appearing in Paragraph 13 of Plaintiff's Complaint.

14. C/PA denies the allegations appearing in Paragraph 14 of Plaintiff's Complaint.

15. C/PA is not required to respond to the allegations appearing in Paragraph 15 of Plaintiff's Complaint.

16. C/PA denies the cargo was delivered as alleged in Paragraph 16 of Plaintiff's Complaint and lacks knowledge to form a belief as to the truth of the remainder of the allegations appearing in said paragraph.

17. C/PA is not required to respond to the allegations appearing in Paragraph 17 of Plaintiff's Complaint.

18. C/PA lacks sufficient knowledge or information to form a belief as to the truth of the allegations appearing in Paragraph 18 of Plaintiff's Complaint.

19. C/PA lacks sufficient knowledge or information to form a belief as to the truth of the allegations appearing in Paragraph 19 of Plaintiff's Complaint.

20. C/PA denies the allegations appearing in Paragraph 20 of Plaintiff's Complaint.

21. C/PA is not required to respond to the allegations appearing in Paragraph 21 of Plaintiff's Complaint.

22. C/PA denies the allegations appearing in Paragraph 22 of Plaintiff's Complaint.

23. C/PA denies the allegations appearing in Paragraph 23 of Plaintiff's Complaint.

24. C/PA denies the allegations appearing in Paragraph 24 of Plaintiff's Complaint.

25. C/PA denies the allegations appearing in Paragraph 25 of Plaintiff's Complaint.

26. C/PA denies the allegations appearing in Paragraph 26 of Plaintiff's Complaint.

27. C/PA denies the allegations appearing in Paragraph 27 of Plaintiff's Complaint.

28. C/PA denies the allegations appearing in Paragraph 28 of Plaintiff's Complaint.

29. C/PA denies the allegations appearing in Paragraph 29 of Plaintiff's Complaint.

30. C/PA denies the allegations appearing in Paragraph 30 of Plaintiff's Complaint.

31. C/PA denies the allegations appearing in Paragraph 31 of Plaintiff's Complaint.

32. C/PA denies the allegations appearing in Paragraph 32 of Plaintiff's Complaint.

33. C/PA denies the allegations appearing in Paragraph 33 of Plaintiff's Complaint.

34. C/PA denies the allegations appearing in Paragraph 34 of Plaintiff's Complaint and denies that plaintiff is entitled to the relief prayed for in the following unnumbered paragraph.

**WHEREFORE, PREMISES CONSIDERED**, Defendant, Cooper/Ports America, LLC prays that Plaintiff's Complaint be dismissed in its entirety as to Cooper/Ports America, LLC and that Cooper/Ports America, LLC be awarded such other and further relief, both general and special, to which it may show itself to be justly entitled.

Respectfully submitted,

**BROWN SIMS**

By: /s/ James R. Koecher
    James R. Koecher
    SDTX No. 7372
    State Bar No. 11648700
    1177 West Loop South, Tenth Floor
    Houston, Texas 77027-9007
    (713) 629-1580 Telephone
    (713) 629-5027 Facsimile
    rkoecher@brownsims.com

**ATTORNEYS FOR DEFENDANT,
COOPER/PORTS AMERICA, LLC.**

## CERTIFICATE OF SERVICE

    I hereby certify that a true and correct copy of the foregoing instrument was served on the parties identified below via e-file and/or facsimile on this 29th day of November 2021.

John J. Sullivan
Hill Rivkins LLP
1000 N. Post Oak, Ste 220
Houston, Texas 77055

                /s/ James R. Koecher
                James R. Koecher